■ KENNETH KELLEY, Individually and as Parent and Natural Guardian of KAITLIN KELLEY, an Infant, Respondent, v NIAGARA COUNTY HEALTH DEPARTMENT et al., Defendants, and PETER E. ZIEGLER et al., Appellants. [723 NYS2d 808] —Order insofar as appealed from unanimously reversed on the law with costs, motion granted and complaint against defendants Peter E. Ziegler and Cornell University dismissed. Memorandum: Supreme Court erred in denying the motion of Cornell University and its employee, Peter E. Ziegler (defendants), seeking dismissal of the complaint against them for failure to state a cause of action (*see,* CPLR 3211 [a] [7]). On June 24, 1999, defendants were operating under a contract with defendant County of Niagara to test the efficacy of methods of immunizing raccoons against rabies when a rabid raccoon bit plaintiff's five-year-old daughter. That raccoon was one of four raccoons that had been trapped the previous day as part of the project. Each animal had been ear-tagged for identification, samples of teeth and blood had been drawn for laboratory testing, and each was released that same day, after the samples were obtained.

The next day only one animal was trapped at that location. Because the animal had an ear tag, it was identified as one of the raccoons trapped and tested the day before and therefore was released without further sampling. After the raccoon was released, it suddenly charged Ziegler, who fell into a creek with the raccoon. Ziegler attempted to hold the animal under water but it escaped into the woods. By the time Ziegler arrived at defendant Niagara County Health Department a few hours later to report a possibly rabid animal, the Health

Department had just received a report that plaintiff's daughter had been bitten by a raccoon while on a swing in a neighbor's yard. A second call came in reporting that the animal was in a shed in that neighborhood. Ziegler and a Health Department employee went to the scene and killed the animal, which was identified as the one Ziegler had ear-tagged on June 23 and released a second time on June 24. Tests thereafter revealed that the raccoon was rabid. Plaintiff commenced this action alleging that the attack was caused by the negligence of defendants.

In opposition to defendants' motion to dismiss the complaint, the affidavit of plaintiff's attorney adopted many of the factual assertions made by Ziegler in support of defendants' motion. Defendants contend that plaintiff has not alleged that defendants owed any duty to his daughter that was breached and thus that the complaint fails to state a cause of action for negligence. Plaintiff has not addressed that contention. "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*Lauer v City of New York,* 95 NY2d 95, 100). Not only does plaintiff fail to allege that defendants owed a duty to his daughter that was breached, but the facts asserted by plaintiff concerning this unfortunate incident do not as a matter of law give rise to a duty to plaintiff's daughter. Thus, the complaint against defendants must be dismissed. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Dismiss Pleading.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.